I'd like to reserve three minutes for rebuttal and I'll watch my time. Here Mr. Hernandez-Lopez's 924C conviction rests on a non-qualifying offense and requires relief. This claim is jurisdictional and therefore procedural default does not apply, but Mr. How is this claim jurisdictional? This claim is jurisdictional, Your Honor, because the 924C conviction is unconstitutional, therefore the indictment fails to state an offense. When the indictment fails to state an offense, as it does here, it strips the court of its jurisdiction because it effectively voids the judgment. What is your best case for that proposition, that it is jurisdictional? The most useful case to this analysis is the 11th Circuit's decision in St. Hubert that addressed the specific issue, jurisdiction, as to 924C challenges. Although St. Hubert was recently vacated by United States v. Taylor because it addressed attempt Hobbs Act robbery, the analysis for jurisdiction is still sound in that case. Are you aware of any 9th Circuit precedent that supports your argument in that regard? This court's precedent, Ruelas, discusses that when an indictment fails to state an offense, that jurisdiction is, it's a jurisdictional claim, Your Honor, excuse me. But I'd also be happy to address the cases that the government cites in its briefing. There, Cotton, that case does not apply in this instance because there the court was addressing an omission in the indictment. And that's very different from this instance where the indictment fails to state an offense. And the 11th Circuit's decision addresses that case as well. If it is not a jurisdictional defect, is this claim not procedurally defaulted? It is not, Your Honor, because in the alternative, we've shown that there is cause and prejudice that excuse procedural default. Turning first to cause, there Why isn't this like Bowsley, where the court said that, you know, a whole lot of people have been raising this issue. You could have raised it, too. It's not rocket science to have raised it. Why isn't that binding or persuasive or the right case to look to? It's not the right case to look to here, Your Honor, because in Bowsley, the challenge was that the district court misinformed the defendant of the elements of 924C. There, the challenge relied on Bailey. And Bailey, the court found that the government is required to prove active employment of the firearm. No, on the merits, that's true. I maybe didn't make my question clear. What I understood the court to be saying there is that it's not an excuse. It's excused that you didn't raise this because many litigants at the time, you were already raising this same argument. So your failure to raise it is not excused, regardless of the nature of the actual underlying claim. Why doesn't that principle apply here? That principle doesn't apply here because the initial right was not recognized by the Supreme Court. In Bowsley, the issue was that Bailey did not change the law. Here, Davis has changed the law. It was not a reasonably available claim. So if 99 out of 100 litigants at the time raised the issue, even if it wasn't decided by the Supreme Court, that last person has an excuse anyway? Yes, Your Honor, because that's not the test. The test is whether or not this was reasonably available. For the court to find that this was procedurally defaulted would conflict with prior precedent  In Blackstone, this court reviewed post-Johnson case law up until 2018 and found that the argument as to 924C specifically was premature because the Supreme Court had not recognized these challenges to 924Cs specifically. This court had interpreted Johnson to be narrowly tailored to 924E offenses, E challenges. Given that that initial right was not recognized by the Supreme Court, it was not reasonably available, regardless of the number of litigants that may have attempted to challenge 924C offenses. Counsel, you're relying upon U.S. v. Davis in terms of its finding that the residual clause of 924C3B is unconstitutionally vague. The problem is your client here, the charge against him is under 924C3A, the elements clause, and I don't see Davis' applying to that. Davis voided the residual clause. It found that the residual clause is unconstitutional, which means that the only available option for conviction is under the elements clause. Here, the argument is that Mr. Hernandez-Lopez's offense, aiding and abetting Hobbs Act robbery, does not meet the requirements of the elements clause because it does not require the use, attempted use, or threatened use of violent physical force, and it also does not require the mens rea that Borden has set out for the elements clause. How does that argument square with United States v. Dominguez? United States v. Dominguez has been vacated. It has, but not necessarily on that point. First, United States v. Dominguez does not address aiding and abetting in particular. It addresses attempt Hobbs Act robbery and the substantive offense, so it's not controlling as to the aiding and abetting argument. Additionally, the reasoning in Dominguez is flawed because, as to the substantive Hobbs Act robbery count, because it relies on this realistic scenario, and that's not, that should not have been applied by the court in that instance. Counsel, flawed or otherwise, is circuit precedence binding on us? Including Young v. United States, where we held that an aider and abetter is derivatively a principle to the crime. First, I would say that Dominguez is not binding because the entire judgment has been vacated. It is possible that the — What about Young v. United States, though, which undercuts your merits argument, it seems to me? Young v. United States is not precedential and is not — It's not precedential. It's published this year. It is published, Your Honor. However, because the court addressed second or successor applications, it's not binding on this merits appeal. There, the court did not have jurisdiction to reach a merits decision. That's why it's not legally binding on this case, where it's been fully briefed. You're saying it's distinguishable. It's binding precedent, but you're trying to distinguish it. Your Honor, I'm saying that it is not legally binding on this merits panel because it was decided by a motions panel and — That doesn't matter. We have precedent, lots of precedent, saying that any published opinion, whether — by any three-judge panel, whether it's designated motions or not, is fully binding precedent for what it's worth. I mean, the issues may be different. For example, if you have an injunction, it has not the same effect as on the merits. So that's what I'm trying to understand. What you're saying the limits of Young are — Addressing the reasoning in Young, the reasoning in Young was also flawed because there the court is relying on punishment, and punishment is not — is immaterial to the categorical analysis. When we conduct a proper categorical approach, the court looks only to the elements of aiding and abetting Hobbs Act robbery. It does not look to punishment. And I think a good example of that is when we look at conspiracy Hobbs Act robbery. There, conspirators and principals are punished the same. So to find that because of punishment, aiding and abetting is the same as substantive Hobbs Act robbery would be — would not make sense in comparison to this Court's rulings as to conspiracy. And, Your Honor, I see that I am running out of time. You are. You may save the rest. Thank you, Your Honor. Thank you. Good morning. May it please the Court. Elizabeth White for the United States. Good morning, Counsel. I'll take these questions in order. First of all, with respect to jurisdiction, what this Court said in Rattigan is that the United States goes only to the merits and is not jurisdictional. For that proposition, I'm sorry, this Court in Rattigan cited the Supreme Court's decision in Cotton and also cited a 1916 decision by Justice Holmes in a case called Lamar. So that is — there was a case, Ruelas, that was before Cotton, before Rattigan. I don't think Ruelas survives — thank you — survives the decision in Cotton, although this Court hasn't specifically said that yet. So can you tell me for a moment just why didn't — why has the government abandoned his waiver by his plea remit? That was — Mistakes were made? Mistakes were made. We did — we raised that in the District Court. The District Court pleading was before this Court's decision in Goodall, which really made that a much stronger argument for us. Goodall was before our appellate briefing, but I think we were just briefing the certified questions and kind of missed the boat on that one. Otherwise, we would have, because again, this — you know, this defendant was charged with 10-924 — or 11-924 seats. You would clearly prevail under that, but you've waived it. Yes. And I think — and I think that — but this also does go to the issue of cause that I want to raise real briefly. And my friend on the other side relies on Reid v. Ross for the proposition that when the Supreme Court changes the law, that constitutes cause. But what Reid says, really, is that the — underlying the concept of cause is that a defendant is bound by the tactical decisions of competent counsel. And so for a procedural — for a procedural failure that is not the result of a tactical decision by counsel, which sometimes happens when the Supreme Court just changes the law overnight in a way that we never could have seen it coming, therefore, it's safe to assume — the court said — it's safe to assume that counsel was sufficiently unaware of the question's latent existence that we cannot attribute to him strategic motives for failing to raise it. Now here, at the time that this defendant pleaded guilty, it is true it is before Davis, but it was 18 months after Johnson, and Johnson set off a wave, a tsunami of defendants around the country and in the District of Nevada arguing that Hobbs Act robbery is not a crime of violence, arguing that aiding and abetting is not a crime of violence. This is an argument that was available, that defendants' competent counsel made a strategic choice not to raise. And so therefore, under the Reid sort of rationale for cause, we would say that the defendant cannot show cause. And then he also can't show prejudice because, as this court has said over and over, aiding and abetting is not a separate crime from the underlying substantive crime, but rather a different theory of liability for the same offense. And the offense here is Hobbs Act robbery, and Hobbs Act robbery is a crime of violence. So the fact that even if he had been prosecuted under an aiding and abetting theory or pleaded guilty under an aiding and abetting theory, which, by the way, he did not, I mean, the plea colloquy and the plea agreement makes clear that he admitted, you know, going in, putting the gun to people's heads, taking their money. But even if that were the case, it wouldn't matter because principals are aiders and abetters. Aiders and abetters are principals, and there is simply no distinction. And that's what this court held in Young, and Young is a binding decision on this court. The fact that it was, first of all, I responded to the 28-J letter saying, I'm not exactly sure how you figure out what you consider a motions panel and not, but it doesn't matter. It was a published opinion that was rendered after briefing and after oral argument. Is there not also a statutory basis for the statement that an aider and abetter is equivalent to a principal for crime of violence purposes? Absolutely. Two things. First of all, you know, 18 U.S.C. Section 2, which we always call the aiding and abetting statute, is actually the statute that's entitled principles, and it defines who is a principal. One who commits or who aids and abets a crime is a principal. And in 924C, 924C imposes liability for the use of a firearm during and in relation to a crime of violence, not during and in relation to the defendant's personal use of, you know, personal commission of a crime of violence. I think that what the Supreme Court explained in Duenas-Alvarez is that over the course of the 20th century, every single jurisdiction, every state and the federal government has kind of come up with this conception of criminal liability where there is no distinction between principles, first-degree principles, and aiders and abetters. And there's nothing in 924C that would suggest that Congress intended to deviate from that well-understood conception of criminal liability. This court actually addressed that specific issue in Ortiz-Magana, because that was another one of these cases where the court explained that aiding and abetting an aggravated felony is also an aggravated felony. And they specifically, the court there specifically addressed the California three strikes law, which I'm not sure if it's still like this, but at the time of that decision, the California three strikes law made a specific distinction and said that for something to be counted as a strike, the defendant had to have personally committed the crime, that aiding and abetting liability was not sufficient, and that, and that that is, that that is sort of one example where one legislature made a decision to make that distinction. And what this court said in Ortiz-Magana is, but look, Congress didn't make that and they didn't make it in 18 U.S.C. 924C either. The final point that I would want to make is that, is that under the defendant's conception, you know, what this court has said over and over is that every criminal, federal criminal charge must be read as if aiding and abetting liability were subsumed within it. So even if we had not charged 18 U.S.C. 2, I mean, even if we hadn't included the citation to that statute, every federal criminal charge has to be read as if aiding and abetting were charged. And so taking the defendant's argument to the logical conclusion, if aiding and abetting is a separate crime with separate elements that categorically is not a crime of violence, and if it is implicit in every federal charge, the result is that no federal crime could ever be a crime of violence. And that is an absurd result that that Congress could not possibly have intended. Going back just real quickly to the Young, I'm not sure that I finished my point, that the decision there was fully briefed. It was argued. It was necessary to the holding. It wasn't any sort of hypothetical jurisdiction. The question there was whether Young and Lewis's applications relied on a new rule of constitutional law. And to decide that, the panel had to answer the legal question of whether Davis was relevant. And because aiding and abetting is a crime of violence under the Elements Clause, or aiding and abetting a crime of violence is a crime of violence under the Elements Clause, that just didn't come into play. So that was a necessary holding and is entitled to precedential weight. If the Court has any other questions, I'm happy to answer them. Otherwise, we'll rest on the briefs. I don't believe that I see any questions forthcoming. Thank you. Ms. Torrey, you have some rebuttal time remaining. Thank you, Your Honors. Just briefly on rebuttal, turning back to Young, there, the Court was addressing a second or successor application. And although it is precedential in the sense moving forward for other SOS applications, there the Court did not have jurisdiction to reach the merits. And because it didn't have jurisdiction to reach the merits, it was beyond the Court's power to address that issue. And therefore, the merits, there is no real merits holding in that case that's binding on this Court. Second, the government argues that there is no distinction between aiders and abettors and principals. We disagree. When we look at the elements of aiding and abetting Hobbs Act robbery and the elements of Hobbs Act robbery, the substantive offense, they are different. The Court must consider the actual elements of aiding and abetting when conducting the categorical approach. Further, the Supreme Court in Borden addressed that there are these differences between accessory liability and inquit offenses in a footnote when discussing intent and that the intent for these offenses are different and should be looked at differently. Finally, the government's argument that this would impact all Hobbs Act robbery offenses is incorrect. Here, the Court is looking at a narrow question, a case where Section 2 is listed in the record documents. This is explicitly stated that this is aiding and abetting Hobbs Act robbery in the record documents. This Court's decision wouldn't necessarily apply to implicit aiding and abetting cases. Thank you, counsel. We appreciate the arguments made by both of you and the case just argued is now submitted for decision. Thank you, Your Honor.
judges: GRABER, WARDLAW, Baker